# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| Cody Prudente, as Personal Representative of the Estate of John Prudente, Jr., deceased, <br><br> Sandra Prudente, and <br><br> John Prudente, Sr., <br><br>       Plaintiffs, <br><br> vs. <br><br> Mary Hamilton, individually and in her official capacity as a City of Mandan Police Officer, <br><br> Joshua Scherr, individually and in his official capacity as a City of Mandan Police Officer, <br><br> Dominic Hanson, individually and in his official capacity as a City of Mandan Police Officer, <br><br> Peter Czapiewski, individually and in his official capacity as a Lieutenant of City of Mandan Police, <br><br> David Raugust, individually and in his official capacity as a Sergeant of City of Mandan Police, and <br><br> City of Mandan, <br><br>       Defendants. | Civil No.: <br><br><br><br><br><br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** <br> **UNDER FED. R. CIV. P. 38(b)** |

**[¶ 1]** **COMES NOW**, the above-named Plaintiffs, Cody Prudente, as Personal Representative

for the Estate of John Prudente, Jr., deceased, Sandra Prudente, and John Prudente, Sr., by and

through their attorney of record, Amanda M. Corey of Reichert Law Office, Grand Forks, North Dakota and for their claim against the above-named Defendants alleges and states as follows:

## JURISDICTION

**[¶ 2]** This is a civil action brought under 42 U.S.C. §1983 for damages arising under the Constitution of the United States, as subsequently set forth in this Complaint.

**[¶ 3]** The Court has jurisdiction of the civil action under:

    a. 28 U.S.C. §1331, as this is a civil action arising under the Constitution and laws of the United States of America;

    b. 28 U.S.C. §1343(a)(3), as this is an action brought to redress deprivations, under color of state law, rights, privileges, and immunities secured to John Prudente, Jr. by the Constitution and the laws of the United States of America; and

    c. 28 U.S.C. §1367(a), as Plaintiff invokes supplemental jurisdiction of this court to hear and adjudicate state law claims.

## VENUE

**[¶ 4]** Plaintiffs' claims herein arise out of an incident involving Mandan Police Officers, in the City of Mandan, County of Morton, State of North Dakota, and within this judicial district.

## PARTIES

**[¶ 5]** Plaintiffs Sandra Prudente and John Prudente, Sr. are competent adults who appear individually. They are the natural parents of the decedent. Cody Prudente appears as the former Power of Attorney and proposed Personal Representative of John Prudente, Jr., deceased.

**[¶ 6]**     Defendants Mary Hamilton, Joshua Scherr, Dominic Hanson, Peter Czapiewski, and David Raugust are Mandan Police Officers.  In doing the acts herein alleged, they acted within the scope of their agency and employment, and under color of state law.

**[¶ 7]**     Defendant City of Mandan is a political subdivision of the State of North Dakota.

## FACTS

A.     General Allegations on Policy and Practice.

**[¶ 8]**     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the governmental entity defendants, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the decedent, plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

   a. Subjecting people to unreasonable use of force against their persons;

   b. Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

   c. Failing to adequately train, supervise, and control employees in the dangers of repeated Taser shocks and positional asphyxia, including, without limitation, the use of potentially lethal tactics, including multiple Taser shocks followed by chest compression, for the taking into custody of persons such as plaintiff's decedent, who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

   d. Failing to adequately discipline officers involved in misconduct; and

   e. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will

not adversely affect their opportunities for promotion and other employment benefits.

[¶ 9]   Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the entity defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of plaintiffs and their decedent.

B.   Allegations Regarding the Death of John Prudente, Jr.

[¶ 10]   On February 8, 2020, Officer Hamilton conducted a traffic stop on a vehicle driven by the Decedent a few blocks from Decedent's residence located at 202 7th Avenue Southwest, Mandan, North Dakota, where he lived with his parents, Sandra Prudente and John Prudente, Sr.

[¶ 11]   Sergeant Raugust backed up Officer Hamilton on this traffic stop.

[¶ 12]   The basis of Officer Hamilton's traffic stop was an active arrest warrant for an unpaid parking ticket out of the City of Bismarck, North Dakota for John Prudente, Sr.

[¶ 13]   Officer Hamilton's traffic stop was unreasonable, as the arrest warrant was issued for John Prudente, Sr., rather than detainee John Prudente, Jr.

[¶ 14]   John Prudente, Sr. exited his residence and approached Officer Hamilton and Sergeant Raugust.

[¶ 15]   Decedent then left the scene of the traffic stop and drove to his residence, then went inside. Officer Hamilton and Sergeant Raugust followed Decedent to his residence.

[¶ 16]   Upon entering Decedent's residence, an altercation ensued between the officers and Decedent.

[¶ 17]   Plaintiffs Sandra Prudente and John Prudente, Sr., who also live at the residence, witnessed this altercation and attempted to assist officers in securing Decedent.

[¶ 18]   Plaintiffs Sandra Prudente and John Prudente, Sr. notified the officers that Decedent had "mental health issues" while Decedent yelled, "leave me alone" and other incoherent statements.

[¶ 19]   Decedent was unarmed and did not threaten the officers.

[¶ 20]   Officer Hamilton and Sergeant Raugust both deployed their Tasers, striking the Decedent. Officer Hamilton deployed her Taser three times: for one second, for five seconds, and for three seconds, consecutively, within approximately 34 seconds. Sergeant Raugust deployed his Taser once for five seconds. Sergeant Raugust's Taser deployment occurred approximately two seconds after Officer Hamilton's third Taser deployment.

[¶ 21]   Lieutenant Czapiewski arrived on scene and assisted Officer Hamilton and Sergeant Raugust in placing handcuffs on Decedent by pinning him on his chest and applying their body weight.

[¶ 22]   While handcuffed, Decedent yelled several times that he was unable to breathe.

[¶ 23]   Officer Hanson arrived on scene after Decedent was handcuffed.

[¶ 24]   Lieutenant Czapiewski and Officer Scherr placed Decedent on his side and Lieutenant Czapiewski told Decedent to "take a deep breath," and "stay on [his] side." Lieutenant Czapiewski then noticed blood on Decedent's mouth and instructed other officers to request an ambulance.

[¶ 25]  While Officer Scherr searched Decedent's person, Decedent went limp and Lieutenant Czapiewski could not find a pulse. Lieutenant Czapiewski and Officer Scherr removed the handcuffs from Decedent and requested the ambulance to expedite their response.

[¶ 26]  The Decedent was transferred to Sanford Health in Bismarck, North Dakota, where he was pronounced dead.

[¶ 27]  Throughout this incident, decedent presented with a medical problem, not a law enforcement problem.  Defendants acted in deliberate indifference to his medical needs, as alleged below.

C.    Allegations Regarding Damages.

[¶ 28]  Plaintiffs have lost support, decedent's love, comfort and society, and have sustained emotional distress, all in amounts in accordance with proof. Plaintiffs have incurred burial and other related expenses. The decedent sustained general damages, including the loss of enjoyment of his life, in an amount in accordance with proof.

[¶ 29]  The conduct of the individual defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of plaintiffs and the decedent himself, thus justifying punitive damages against the defendants (except the immune entity defendants) in an amount in accordance with proof.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – WRONGFUL DEATH)**
**(All Defendants)**

[¶ 30]  Plaintiffs hereby incorporate by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

[¶ 31]  Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those

secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

[¶ 32] The foregoing wrongful acts of defendants killed the decedent.

[¶ 33] Plaintiffs are proper parties with standing to pursue their remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from loss of society, comfort, attention, services, and support of the decedent.

[¶ 34] As a further proximate result of the acts of defendants, as alleged above, plaintiffs have incurred expenses, including funeral and burial expenses, in an amount in accordance with proof.

[¶ 35] In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of decedent and plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## SECOND CLAIM FOR RELIEF

## (42 U.S.C. § 1983 – SURVIVAL ACTION)

### (All Defendants)

[¶ 36] Plaintiffs hereby incorporate by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

[¶ 37] Plaintiff Cody Prudente brings this claim for relief in her capacity as the successor in interest and personal representative of the decedent, for whom there is no estate opened.

[¶ 38] The foregoing claim for relief arose in the decedent's favor, and the decedent would have been the plaintiff with respect to this claim for relief had he lived.

[¶ 39] Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

[¶ 40] The foregoing wrongful acts of defendants killed the decedent.

[¶ 41] As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

[¶ 42] In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

**THIRD CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT)**

**(All Defendants)**

[¶ 43] Plaintiffs hereby incorporate by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

[¶ 44]   Defendants, acting under color of state law, deprived plaintiffs of their rights to familial relationships in violation of the Fourth Amendment and without due process of law in violation of the Fourteenth Amendment by use of unreasonable, unjustified force and violence, causing injuries which resulted in the decedent's death, all without provocation, and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

[¶ 45]   As a proximate result of the foregoing wrongful acts of defendants, and each of them, plaintiffs sustained general damages, including grief, emotional distress and pain and suffering and loss of comfort and society, and special damages, including loss of support, in an amount in accordance with proof.

[¶ 46]   In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CLAIM FOR RELIEF

### (Assault and Battery)

### (All Defendants)

[¶ 47]   Plaintiffs hereby incorporate by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

[¶ 48]   Defendants assaulted and battered the decedent, causing his death.

**[¶ 49]** As a direct and proximate cause of the aforementioned acts of defendants, decedent, plaintiffs were injured as set forth above, and are entitled to compensatory and punitive damages according to proof.

## FIFTH CLAIM FOR RELIEF

### (Police Negligence)

### (All Defendants)

**[¶ 50]** Plaintiffs hereby incorporate by reference paragraphs 1 through 49 of this Complaint as though fully set forth herein.

**[¶ 51]** By virtue of the foregoing, defendants owed decedent and plaintiffs a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent proximately caused his death.

**[¶ 52]** As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to compensatory damages according to proof.

## PRAYER

**[¶ 53]** WHEREFORE, plaintiffs pray for judgment as follows:

a. Compensatory general and special damages in accordance with proof;

b. Reasonable attorney's fees and expenses of litigation;

c. Statutory damages;

d. Exemplary damages against the defendants (except the immune entity defendant) in an amount sufficient to make an example of those defendants and to deter future misconduct; and

e. Such further relief as the Court deems just or proper.

Dated this 8th day of February, 2022.

        **REICHERT LAW OFFICE**

        _/s/ Amanda M. Corey_

        **AMANDA M. COREY**
        (ND ID# 08415)
        118 Belmont Road
        Grand Forks, ND 58201
        701-787-8802
        supportstaff@reichertlaw.com
        Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 8th day of February, 2022.

                                      **REICHERT LAW OFFICE**

                                      */s/ Amanda M. Corey*
                                      **AMANDA M. COREY**
                                      (ND ID# 08415)
                                      118 Belmont Road
                                      Grand Forks, ND 58201
                                      701-787-8802
                                      supportstaff@reichertlaw.com
                                      Attorney for Plaintiffs