UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Cody Prudente, et al., | ) | Case No.  1:22-cv-00024-CRH |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **PLAINTIFFS' RULE 56(d)** |
| v. | ) | **MOTION** |
| | ) | |
| Mary Hamilton, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STATEMENT OF FACTS

**[¶ 1]**  On February 8, 2020, John Prudente, Jr. (hereinafter "John Jr."), came into contact with Mandan Police Officers.  During this contact, John Jr. became unresponsive and was later pronounced dead.  Plaintiffs' commenced this lawsuit alleging various claims.  On April 4, 2023, the Court issued an Order adopting the parties' Stipulated Amended Scheduling/Discovery Plan. (Docket ID 30).  This Order provided a March 1, 2024 deadline for discovery, as well as a July 2, 2024 deadline for dispositive motions.  Id.

**[¶ 2]**  On October 16, 2023, Defendants' filed a Motion for Summary Judgment, Memorandum in Support, and several affidavits in support.  (Docket Id. 35-37).  Plaintiffs bring this Rule 56(d) Motion and request that the court allow additional time to conduct depositions of the officers, as fully described in the affidavits provided in support of their motion.

## LAW & ARGUMENT

**[¶ 3]**  Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986).  "A genuine issue of material fact exists if a reasonable

jury could return a verdict for" the non-movant.  Cockram v. Genesco, Inc., 680 F.3d 1046, 1051 (8th Cir. 2012) (quoting Clark v. Matthews Int'l Corp., 639 F.3d 391, 397 (8th Cir. 2011)).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial."  Farver v. McCarthy, 931 F.3d 808, 811 (8th Cir. 2019) (quoting Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1079 (8th Cir. 2008)).

[¶ 4]   Federal Rule of Civil Procedure 56(d) provides:

> If the non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).  The party seeking additional evidence must show:  (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion.  Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014) (quoting California., ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).  A party cannot simply set forth some facts she "hope[s] to elicit from further discovery."  Id. (quoting Campbell, 138 F.3d at 779).  In particular, they must demonstrate how postponement of a ruling on the summary judgment motion will enable the litigant "by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  Id. at 894 (quoting Ray v. Am. Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010);

*see also* McGee v. Healthcare Revenue Recovery Grp., LLC, 2020 U.S. Dist. LEXIS 93134, 2020 WL 2768784, at *1-2 (E.D. Mo. May 28, 2020)).  A district court has wide discretion in considering a Rule 56(d) motion.  GEICO Cas. Co. v. Isaacson, 932 F.3d 721, 726 (8th Cir. 2019) (quoting Toben, 751 F.3d at 895).

[¶ 5]   As discussed in the Affidavits of Amanda M. Corey, John Prudente, Sr., and Sandra Prudente filed herewith, accounts of the events that occurred from the time John Prudente, Jr. was subdued and/or handcuffed until the time he became unresponsive vary.  Specifically, Sandra and John Sr. allege that Sergeant Raugust continued to utilize a chokehold on John Jr. until he became unconscious, despite the fact that he was handcuffed and no longer resisting.  Affidavits provided by the officers largely omit the events that occurred between John Jr.'s arrest and his loss of consciousness.  With the exception of Sergeant Raugust and Officer Hauck's affidavits, the actions taken by Sergeant Raugust during this time period are omitted from the affidavits provided in support of Defendants' Motion for Summary Judgment.  Further, Sergeant Raugust and Officer Hauck's affidavits either contradict themselves or do not contain enough information.  Because the officers were present during the time period between John Jr.'s arrest and his loss of consciousness, these facts exist.  Finally, the sought-after facts are essential to resist the summary judgment motion because the use of a chokehold, taser, or other "significant force" on a suspect who is handcuffed and not resisting violates the 4th Amendment.  Tatum v. Robinson, 858 F.3d 544.  Therefore, discovery in the form of depositions of the officers is essential to elicit facts necessary to resist Defendants' Motion for Summary Judgment.

## CONCLUSION

[¶ 6]   This Court should grant Plaintiffs' Rule 56(d) Motion and allow additional discovery in the form of depositions of the officers who provided affidavits in support of Defendants' Motion for Summary Judgment, as the specific facts hoped to be elicited from further discovery have been set out in affidavit, the facts sought exist, and are essential to resist the summary judgment motion.

Dated this 24th day of November, 2023.

REICHERT LAW OFFICE

_____
**AMANDA M. COREY**
**ND ID #08415**
118 Belmont Road
Grand Forks, ND 58201
701-787-8802
supportstaff@reichertlaw.com
Attorney for Defendant
