IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Cody Prudente, et al., | ) | **ORDER GRANTING PLAINTIFFS'** |
| | ) | **MOTION FOR RULE 56(d) RELIEF** |
| Plaintiffs, | ) | **AND DENYING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY** |
| v. | ) | **JUDGMENT** |
| | ) | |
| Mary Hamilton, et al., | ) | Case No. 1:22-cv-024 |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' motion for summary judgment filed on October 16, 2023. See Doc. No. 35. In lieu of a response, the Plaintiffs filed a motion for Rule 56(d) relief requesting the Court defer ruling on the motion until discovery has been completed. See Doc. No. 41. The Defendants filed a response in opposition to the Plaintiffs' motion for Rule 56(d) relief on December 7, 2023. See Doc. No. 41. For the reasons set forth below, the motion for summary judgment is denied at this early stage and the motion for Rule 56(d) relief is granted.

**I.      BACKGROUND**

On February 8, 2020, John Pudente Jr. fled a traffic stop, resisted arrest, and assaulted officers. During this interaction with Mandan police officers, Prudente became unresponsive and was later pronounced dead. This federal civil rights action alleging wrongful death, excessive force, and other claims was filed on February 8, 2022. On October 16, 2023, the Defendants filed a motion for summary judgment. See Doc. No. 35. The Plaintiffs have filed a Rule 56(d) motion asking the Court to delay ruling on the motion for summary judgment until after discovery has been completed. The discovery deadline is March 1, 2024. Trial is scheduled for October 28, 2024.

## II.  LEGAL DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure reads as follows:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Applying 56(d), the Eighth Circuit Court of Appeals has explained,

As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. Nonmovants may request a continuance under Rule 56(d) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.

Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 893 (8th Cir. 2014) (citations omitted). A party seeking relief under Rule 56(d) must show: (1) specific facts the party hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to resist the summary judgment motion. Id. at 895. A district court has wide discretion in considering a Rule 56(d) motion. GEICO Cas. Co. v. Isaacson, 932 F.3d 721, 726 (8th Cir. 2019).

In the present case, the Defendants' motion for summary judgment is premature. The discovery deadline is March 1, 2024. The dispositive motion deadline is July 2, 2024. Trial is scheduled for October 28, 2024. In support of the Plaintiffs' request for Rule 56(d) relief, counsel for the Plaintiffs submitted a signed declaration demonstrating specific facts the Plaintiffs hopes to elicit from discovery, that those facts exist, and that those facts are essential to resisting the pending motion. See Doc. No. 41-2. The Plaintiffs seeks to take the depositions of several police officers

who were involved in the incident which lead to the death of John Prudent, Jr.  The Plaintiffs are entitled to conduct discovery and the discovery deadline has not passed.

The Court's preference in these types of cases is to decide motions for summary judgment based upon a fully developed record after discovery has been completed.  Once discovery is complete and all necessary depositions have taken place the Court will be in a better position to understand what happened in this case and make a determination as to whether summary judgment is appropriate or not.  Therefore, the Plaintiffs' request for 56(d) relief is granted.  The Court denies the Defendants' motion for summary judgment at this early stage without prejudice.

### III.  CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law.  For the reasons set forth above, the Plaintiffs' request for Rule 56(d) relief (Doc. No. 41) is **GRANTED**.  The Defendants' motion for summary judgment (Doc. No. 35) is **DENIED** without prejudice as premature.  The Defendants may refile their motion for summary judgment once the time for discovery is complete.

**IT IS SO ORDERED**.

Dated this 14th day of December, 2023.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court